# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JAMES A. NYE, :
　　　　　　　　　　　　　　　　 :
　　　Plaintiff, :
　　　　　　　　　　　　　　　　 :
v. : CIVIL ACTION NO.
　 : 1:12-CV-00770-RWS
HSBC BANK USA, N.A. as :
Trustee for Opteum Mortgage :
Acceptance Corporation, Asset- :
Backed, Pass-Through Certificates, :
Series 2005-2, :
　　　　　　　　　　　　　　　　 :
　　　Defendant. :

## ORDER

This case comes before the Court on Defendant HSBC Bank USA, N.A. as Trustee for Opteum Mortgage Acceptance Corporation, Asset-Backed, Pass-Through Certificates, Series 2005-2's ("Defendant") Motion to Dismiss with Incorporated Brief ("Def.'s MTD") [3]. After reviewing the record, the Court enters the following Order.

## Background

On October 5, 2010, Plaintiff James A. Nye ("Plaintiff") initiated this action in the Superior Court of Forsyth County in an attempt to stop the non-judicial foreclosure of his home located at 6685 Cold Stream Drive in

Cumming, Georgia ("Property"). (Compl. to Establish Proof of Loan Ownership and Legal Standing to Foreclose ("Compl."), Dkt. [1-1] ¶ 1.) After the foreclosure sale occurred, Plaintiff amended the Complaint. (Amendment to Compl. to Establish Proof of Loan Ownership and Legal Standing to Foreclose ("Am. Compl."), Dkt. [2].) After a hearing and extensive briefing by the parties, the Superior Court of Forsyth County found that Plaintiff had failed to properly serve Defendant. (Order of Pl.'s Mot. for Default J., Dkt. [1-18] at 1.) Defendant timely removed the action to this Court on the basis of diversity of citizenship (Notice of Removal, Dkt. [1]) and now moves to dismiss Plaintiff's Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] (Def.'s MTD, Dkt. [3] at 2.) Plaintiff failed to file a response to Defendant's motion, so the motion is deemed unopposed. See LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").[2]

---

[1] Defendant also moves to dismiss the Amended Complaint pursuant to Rule 12(b)(2), (4), and (5), arguing that Plaintiff failed to properly serve Defendant. (Def.'s Mot. to Dismiss, Dkt. [3] at 2, 13-14.) However, Defendant asserts no facts with regard to this issue and states: "[B]ecause proper service would not remedy Plaintiff's baseless claims, the Court should address the merits of this motion and dismiss for failure to state a claim upon which relief may be granted." (Id. at 14.) Therefore, the Court considers this motion on Rule 12(b)(6) grounds.

[2] When a party fails to respond to a Rule 12(b)(6) motion to dismiss, it is within the Court's discretion to grant the motion solely on the basis that it is unopposed. Magluta v. Samples, 162 F.3d 662, 664-65 (11th Cir. 1998). In light of the Court's preference for resolving cases on the merits, however, the Court considers the

2

The facts underlying this case are as follows.[3] Plaintiff executed a promissory note in favor of Opteum Financial Services, LLC on December 28, 2004. (Am. Compl., Dkt. [2] ¶ 1.) That same day, Plaintiff executed a security deed ("Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Opteum Financial Services, LLC to secure his debt on the Property. (Id. ¶ 9). Plaintiff admits he was in default on his mortgage payments. (Id. ¶ 9.) Plaintiff received notice of the foreclosure sale on September 16, 2010. (Id. ¶ 2.) On October 26, 2010, the assignment of the Security Deed from MERS to Defendant was recorded. (Id. ¶ 8.) On November 2, 2010, Defendant conducted a non-judicial foreclosure sale of the Property and became its owner. (See id. ¶ 8, Ex. C.) After the foreclosure sale, Plaintiff vacated the Property because he feared that potential "seizure tactics used by foreclosing banks" would exacerbate his mother's already poor health. (Id. ¶ 11.)

Based on the foregoing, Plaintiff filed the Amended Complaint, which contains no separately enumerated counts. Plaintiff asserts that there is "a

---

allegations of the Complaint and reviews Defendant's motion on the merits.

[3] Because the case is before the Court on a motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the Complaint. Cooper v. Pate, 378 U.S. 546, 546 (1964).

3

AO 72A
(Rev.8/82)

distinct likelihood that Defendant does not have possession of the original promissory note and security deed" because his mortgage has been "securitized." (Id. ¶ 6.) Defendant now moves to dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The Court sets out the legal standard governing a Rule 12(b)(6) Motion to Dismiss before considering Defendant's motion on the merits.

**Discussion**

I.   Legal Standard: Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face

4

when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

It is important to note that while the factual allegations set forth in the Complaint are to be considered true at the motion to dismiss stage, the same does not apply to legal conclusions set forth in the Complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. The court does not need to "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

Because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tennenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II. Analysis

Defendant moves to dismiss the Amended Complaint in its entirety. Although the Amended Complaint does not set forth separate counts, it appears

5

that Plaintiff has made the following claims: (1) Defendant was required to be the assignee of record for the entire period of the advertisement of the foreclosure sale and it was not; (2) The securitization of Plaintiff's mortgage creates a cause of action; and (3) Defendant wrongfully entered the Property after the foreclosure sale. Using the legal standard stated above, the Court considers Defendant's motion as to each of Plaintiff's claims.

A. Assignee of Record Claim

Plaintiff argues that Defendant was not the assignee of record for most of the time the foreclosure sale was advertised and therefore violated O.C.G.A. § 44-14-162(b). (See Am. Compl., Dkt. [2] ¶ 8.) The statute provides: "The security instrument or assignment thereof vesting the secured creditor with title to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located." O.C.G.A. § 44-14-162(b). The statute makes no mention of the advertisement period. The assignment of the Security Deed from MERS to Defendant was recorded on October 26, 2010 and the non-judicial foreclosure sale occurred on November 2, 2010. (See Am. Compl. ¶ 8; see also id. Ex. C.) Therefore, Defendant complied with the statute by recording the assignment of

6

the Security Deed prior to the time of sale. Defendant's Motion to Dismiss is **GRANTED** as to this claim.

B. Securitization Claim

Plaintiff alleges that "[t]he original mortgage has been 'securitized,' possibly numerous times, creating a distinct likelihood that the Defendant does not have possession of the original promissory note and security deed." (Id. ¶ 6.) Plaintiff's vague allegation is insufficient to state a claim for relief that is plausible on its face. Even if Plaintiff had alleged additional facts with regard to this claim, the securitization of a mortgage does not give rise to a cause of action. See, e.g., Searcy v. EMC Mortg. Corp., [Dkt. 11], 1:10–cv–00965–WBH (N.D.Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."). Therefore, Defendant's motion to dismiss this claim is **GRANTED**.

C. Trespass Claim

Plaintiff further alleges that Defendant "trespassed" on the Property by

7

placing a lock box on the house. (Am. Compl. ¶ 11.) Under Georgia law, "[a] trespass is any wrongful, continuing interference with a right to the exclusive use and benefit of a property right." Lanier v. Burnette, 538 S.E.2d 476, 480 (Ga. Ct. App. 2000). "The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property until and unless the sale is set aside." Womack v. Columbus Rentals, Inc., 478 S.E.2d 611, 614 (Ga. Ct. App. 1996). A former owner of real property becomes a tenant at sufferance if that person remains on the property after a foreclosure sale. Steed v. Fed. Nat. Mortg. Corp., 689 S.E.2d 843, 848 (Ga. Ct. App. 2009) (citations omitted). If that former owner vacates the property, however, he ceases to be a tenant at sufferance and will be deemed an intruder if he reenters the property. Id. (citation omitted).

Plaintiff admits that a foreclosure sale of the Property occurred and that he subsequently vacated the Property. (Am. Compl., Dkt. [2] ¶ 8, 11.) Accepting the factual allegations in the Amended Complaint as true, as the Court must at the Motion to Dismiss phase, Plaintiff did not have a possessory right in the Property when Defendant installed the lock box. Therefore, there was no trespass and Defendant's Motion to Dismiss as to this claim is **GRANTED**.

8

## CONCLUSION

In accordance with the foregoing, Defendant's Motion to Dismiss [3] is **GRANTED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**, this  13th  day of November, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)